UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYSHON LAMONT MOODY, | Case No. 2:22-cv-01342-JDP (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| D. GONZALEZ, *et al.*, | |
| Defendants. | |

Plaintiff Kayshon Lamont Moody is a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. In September 2022, I screened the complaint and found service appropriate for defendants D. Gonzalez, C. Tuyen, R. Valine, J. Ortega, T. Drake, A. Reilly, A. Humphers, and Jensen, all correctional officers, on an Eighth Amendment excessive force claim. *See* ECF No. 7. Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. Plaintiff opposes the motion. ECF No. 19. I recommend that defendants' motion be denied.

**Legal Standards**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1

1  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff
2  pleads factual content that allows the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,
4  550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it
5  requires more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 556 U.S. at
6  678.

7  For purposes of dismissal under Rule 12(b)(6), the court generally considers only
8  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
9  subject to judicial notice, and construes all well-pleaded material factual allegations in the light
10 most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710
11 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

12 Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal
13 theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d
14 at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the
15 claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**Background**

17 According to plaintiff, on July 27, 2021, at California State Prison-Sacramento, the
18 defendant correctional officers—Gonzalez, Tuyen, Valine, Ortega, Drake, Reilly, Humphers, and
19 Jensen—"malicious[ly] beat[]" plaintiff "with the intent to injure" him.  ECF No. 1 at 5-6.
20 Gonzalez, he alleges, kicked him twice in his ribcage, Tuyen sprayed him with a chemical agent,
21 Valine punched him twice on the right side of his face, Ortega punched him in in his left upper
22 torso and put his hand in plaintiff's mouth, Drake hit his face, Reilly punched his face and upper
23 right-side torso, Humphers injured him with his foot, and Jensen hit him twice on the left leg.  *Id.*

**Discussion**

25 Defendants move to dismiss on the ground that plaintiff fails to include any facts or
26 context regarding the circumstances that led to the use of force.  They take issue with plaintiff's
27 failure to allege where force was used, what actions he took prior to or during the use of force, or
28 whether there were any other inmates nearby.  ECF No. 17 at 3.  Considering these missing

2

1  details, defendants argue that they are unable to ascertain whether force was used in a good faith
2  effort to restore order or maliciously and sadistically to cause harm.  Plaintiff counters that his
3  description of the force used by each defendant was taken from separate incident reports drafted
4  by each of them, which he attaches to the opposition.  ECF No. 19.

5  Prison officials who use excessive force against an inmate violate the inmate's Eighth
6  Amendment right to be free from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S.
7  825, 832 (1994); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  "[W]henever prison
8  officials stand accused of using excessive physical force in violation of the [Eighth Amendment],
9  the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or
10 restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S.
11 1, 6-7 (1992).  The complaint alleges—and I treat the allegations as true at this stage—that
12 defendants maliciously attacked plaintiff with the intent to harm him.  ECF No. 1 at 5.  It is not
13 apparent what penological justification there could be for force utilized with an intent to harm
14 plaintiff.  *See Hudson*, 503 U.S. at 6-7.  While harm certainly may occur during an appropriate
15 use of force, defendants offer no reason for the court to accept that intending harm is an
16 appropriate motivation for use of force.

17 Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a United
18 States District Judge to this case.

19 Further, it is hereby RECOMMENDED that defendants' motion to dismiss, ECF No. 17,
20 be denied.

21 These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
23 service of these findings and recommendations, any party may file written objections with the
24 court and serve a copy on all parties.  Such document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed
26 within fourteen days of service of the objections.  The parties are advised that failure to file
27 objections within the specified time may waive the right to appeal the District Court's order.
28

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 5, 2023                            
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE